MILLS, Judge.
After he was convicted on two counts of burglary of a dwelling and one count of petit theft, Guarnera instituted this appeal, contending that the evidence at trial, which was entirely circumstantial, was insufficient to exclude every reasonable hypothesis of innocence. We disagree and affirm.
As a preliminary matter, we note that contrary to the State’s suggestion we do have jurisdiction to entertain this appeal. The jury verdict in this case was rendered on 3 December 1981, following which Guarnera filed a motion for new trial. Pursuant to Rule 3.590(a), Florida Rules of Criminal Procedure, he ordinarily would have had until 13 December 1981 to file his motion. However, because that date fell on a Sunday, the time for filing the motion was extended to 14 December 1981. Rule 3.040, Florida Rules of Criminal Procedure. The motion was filed before Judge Wallace M. Jopling in the Columbia County Courthouse on 14 December, but it was not actually filed in the clerk’s office until 15 December. This motion was timely filed because Rule 3.030(d), Florida Rules of Criminal Procedure, permits the judge to receive papers for filing. The fact that Judge Jo-pling was not the trial judge in this case makes no difference.
An authorized and timely motion for new trial tolls the time of rendition of an order until the disposition of the motion. Rule 9.020(g), Florida Rules of Appellate Procedure. Because this motion for new trial was timely, the deadline for filing a notice of appeal was tolled until thirty days from 24 March 1982, the date the motion for new trial was denied. The notice of appeal dated 29 March 1982 was therefore timely.
On the merits, we find that the evidence presented was sufficient to exclude every reasonable hypothesis of innocence.
AFFIRMED.
ERVIN, C.J., and LARRY G. SMITH, J., concur.